IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT J DENORIS,                               No    C-04-1659 VRW

    Plaintiff,                              ORDER

    v

JO ANNE B BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

On March 28, 2006, the court reversed the Social Security Administration's (SSA's) decision denying plaintiff Robert J Denoris's application for social security disability insurance benefits and remanded the case for further administrative proceedings. Doc #20. Plaintiff now requests an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 USC § 2412(d)(1)(A). Doc #22. For the reasons stated herein, the court GRANTS the motion.

I

Eligibility for a fee award under the EAJA requires that (1) the applicant be a prevailing party; (2) the government's

position was not substantially justified; (3) no special circumstances make an award unjust; and (4) pursuant to 28 USC § 2412 (d)(1)(B), any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. <u>Commissioner, Immigration & Naturalization Service v Jean</u>, 496 US 154, 158 (1990). Here, defendant Jo Anne B Barnhart does not dispute plaintiff's eligibility for a fee award. Having reviewed the case, the court finds that plaintiff has met all four requirements and thus is eligible for an attorney's fee award under the EAJA. The only remaining issue is whether the requested amount of award is reasonable.

In determining a reasonable award, a district court may consider "the number of hours reasonably expended on the litigation" and a "reasonable hourly rate." <u>Sorenson v Mink</u>, 239 F3d 1140, 1145 (9th Cir 2001) (quoting <u>Hensley v Eckerhart</u>, 461 US 424, 433 (1983)); See also 28 USC 2412(d)(1)(B) (requiring attorney to submit a detailed, "itemized statement * * * stating the actual time expended and the rate at which fees and other expenses were computed"). The hourly rate is capped "in the mine run of cases" at $125 per hour, subject to an upward adjustment for inflation. <u>Gisbrecht v Barnhart</u>, 535 US 789, 796 (2002) (citing 28 USC § 2412(d)(2)(A)). But a larger award may be granted if the court "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 USC § 2412(d)(2)(A)(ii).

A district court retains substantial discretion. <u>Jean</u>, 496 US at 161-63. For instance, the district court may reduce the

2

amount of attorney fees if the prevailing party "unduly and unreasonably protracted the final resolution of the matter in controversy" or if the party's fee application is "[e]xorbitant, unfounded, or procedurally defective." Id at 163. Also, attorney hours may be reduced if the court determines that the case was "overstaffed." Hensley, 461 US at 434. The burden of documenting the number of hours reasonably expended falls on the fee applicant. Hensley, 461 US at 433, 437.

## II

Plaintiff's attorney, Harvey P Sackett, requests an award of $6,500.87 for attorney's fees and $157.40 for costs. Doc #24, Attachment 2. Sackett's claim for attorney's fees is based on an hourly rate of $163.75 and the total 39.7 hours he declares he spent on this appeal (including the time he spent litigating his request for EAJA fees, id at 9). Id, Attachment 1. Defendant does not dispute the reasonableness of either Sackett's hourly rate or his request for $157.40 for costs. Having reviewed the evidence presented by Sackett, id, the court finds that $163.75 reflects an appropriate cost of living adjustment of the $125 statutory hourly rate, 28 USC § 2412(d)(2)(A), because Sackett has correctly followed the method suggested by the Ninth Circuit in Sorenson, 239 F3d at 1148. The court also finds the $157.40 in costs, which includes the filing fee, photocopying costs and postage, reasonable.

The court next turns to the issue of the number of hours expended, the only disputed issue regarding plaintiff's EAJA fee application. Sackett has presented the court with a detailed, itemized statement, indicating the amount of time he spent for

3

rendering each legal service.  Doc #22, Attachment 2 at 2-3.
Defendant argues that the 24.3 hours Sackett allegedly spent in
preparing a twenty-six-page memorandum in support of plaintiff's
motion for summary judgment, Doc #13, and a four-page response to
defendant's cross-motion, Doc #17, was "excessive" and thus should
be reduced by one-half to 12.15 hours.  Opp at 6.

     Defendant argues in opposition that the case involved
routine, "non-complex" issues, and that Sackett was so "intimately
familiar" with the field of social security disability benefit law
and the particular issues in this case that he did not need a great
deal of time to prepare a couple of briefs.  Opp at 3-5 (citing <u>Kerr
v Screen Extras Guild, Inc</u>, 526 F2d 67, 69-70 (9th Cir 1975)
(suggesting that in determining reasonable attorney hours, a
district court may consider *inter alia* the complexity of the case,
the novelty of the issues, the attorney's expertise and skill, and
the disposition of the appeal)).

     The court recognizes both the non-complex nature of this
case and Sackett's apparent expertise in the field of social
security law.  The court, however, is not convinced that those
factors in any significant way make 24.3 hours an excessive amount
of time for the two briefs on this appeal with thirty pages in
total.  Doc #13; Doc #17.

     Defendant presents a line of social security cases in which
district courts reduced the number of attorney hours.  Opp at 4-6.
See e g, <u>Gisbrecht v Apfel</u>, 238 F3d 1196 (9th Cir 2000) (holding
that the amount of attorney hours expended on the cases was more
than would be expected of practitioners claiming the right to
increased hourly rates based on increased knowledge of and

4

specialization in the social security area); <u>Vanover v Chater</u>, 946 F Supp 744 (E D Mo 1996) (holding petitioner's claim of 42 hours excessive for a routine social security disability case); <u>Nugent v Massanari</u>, 2002 WL 356656 (N D Cal 2002) (calling forty pages and 28.8 hours excessive considering the attorney's expertise in social security matters); <u>Sandine v Social Security Administration</u>, 1999 WL 717823 (D Or 1999) (reducing attorney hours in EAJA fee petition due to non-complex legal issues).

These cases, while relevant, do not support defendant's conclusion that 24.3 hours spent for two briefs with thirty pages in total were "excessive, redundant, or otherwise unnecessary." <u>Hensley</u>, 461 US at 434. The hourly rate requested by Sackett reflects no increase due to his expertise in the area of social security law. Doc #22, Attachment 1 ¶3. More important, each social security case requires "a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." <u>Patterson v Apfel</u>, 99 F Supp 2d 1212, 1213 (C D Cal 2000). Defendant's brief contains no specifics justifying its request for reduction in attorney hours. Neither does defendant contend that plaintiff engaged in "overstaff[ing]," <u>Hensley</u>, 461 US at 434, or "unreasonabl[e] protract[ion] of the final resolution of the matter in controversy." <u>INS</u>, 496 US at 163. Accordingly, the court concludes that the number of attorney hours requested by Sackett is a reasonable amount of time for the purposes of the present case.

\\

\\

\\

## IV

For the reasons stated above, the court ORDERS defendant to tender payment and reimbursement respectively made payable to plaintiff's attorney for attorney fees and costs in the amounts of $6,500.87 and $157.40.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge