United States District Court
For the Northern District of California

1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5          FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9   ROBERT J DENORIS,                    No   C-04-1659 VRW
10          Plaintiff,                    ORDER
11          v
12   JO ANNE B BARNHART,
     Commissioner of Social Security,
13
          Defendant.
14   _____/
15
16
17          On September 14, 2006, the court granted plaintiff Robert J
18   Denoris an award of attorney fees and costs in the amounts of
19   $6,500.87 and $157.40, respectively, under the Equal Access to
20   Justice Act (EAJA), 28 USC § 2412(d)(1)(A).  Doc #25.  Plaintiff's
21   counsel Harvey Sackett (petitioner) has now filed a separate motion
22   for attorney fees under 42 USC § 406(b).  Doc #26.
23          According to plaintiff's moving papers, he has since
24   obtained a fully favorable decision from the Social Security
25   Administration and received a gross total of $89,916 in retroactive
26   benefits.  That amount is subject to a twenty-five percent
27   contingent fee agreement with his counsel, of which he submits
28   documentation.  Plaintiff requests that the court issue an order

approving an award to his counsel of the contingent fee offset by the fee amount already recovered under the EAJA.  This fee is properly computed as follows:

> Contingent fee: $17,179.00
>
> <u>EAJA fee award: $ 6,500.87</u>
>
> Difference:     $10,678.13

Defendant Jo Anne B Barnhart responds that she "does not materially object to Petitioner's request for attorney fees under * * * § 406(b) for the net amount of $10,678.13." Doc # 27 at 2.

The requested fee amounts to an hourly rate of $503 for petitioner.  Petitioner submits a declaration stating that he has more than twenty-nine years of experience, most of it as a social security specialist.  He posits that his (presumably hypothetical) non-contingent billing rate would be $475.  Ptr's memo (Doc # 26) at 13.  In a fee request filed a few days later in a different case, however, petitioner declared his non-contingent billing rate to be $450; <u>Sanchez v Barnhart</u>, C 03-4581 VRW, Doc # 33.

In <u>Gisbrecht v Barnhart</u>, 535 US 789 (2002), the United States Supreme Court upheld the use of contingent fee agreements between social security claimants and their attorneys, with the limitation that district courts have the power to review fee agreements and interpose an independent check to assure "reasonable results in particular cases."  Id at 807.

It is the practice of the undersigned judge to rely on official data to determine appropriate hourly rates, not on an attorney's self-proclaimed rates or declarations regarding hourly rates charged by law firms.  One reliable official source for rates that vary by experience levels is the <u>Laffey</u> matrix used in the

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   District of Columbia.  See http://www.usdoj.gov/usao/dc/

2   Divisions/Civil_Division/Laffey_Matrix_5.html (citing Laffey v

3   Northwest Airlines, Inc, 572 F Supp 354 (D DC 1983), aff'd in part,

4   rev'd in part on other grounds, 746 F2d 4 (DC Cir 1984), cert

5   denied, 472 US 1021 (1985))(website consulted January 22, 2007).

6          See, e g, In re HPL Technologies, Inc Securities Litigation,

7   366 F Supp 2d 912, 921 (ND Cal 2005)(Laffey matrix used to determine

8   fee rates where senior attorney devoted much time to settlement

9   discussions and preparation).  Under the 2006 Laffey matrix,

10  attorneys with 20 or more years of experience bill $405/hour.  These

11  rates are tailored to the District of Columbia.  Petitioner in this

12  matter is based in San Jose.  It is this court's practice to adjust

13  fees drawn from the Laffey matrix in accordance with the locality

14  pay differentials applicable to the federal judiciary, an agency

15  that employs legal professionals throughout the United States.  See

16  http://www.opm.gov/oca/07tables/indexGS.asp.   The Washington-

17  Baltimore area is subject to a +18.59% locality pay differential,

18  whereas the Los Angeles-Long Beach-Riverside area is subject to a

19  30.53% locality pay differential.  The discrepancy between these two

20  percentages – 9.9%[1] – amounts to the upward adjustment from the

21  Laffey rates to which petitioner is entitled.

22         The court thus concludes that $445 per hour constitutes a

23  reasonable fee for petitioner's time.  Given the risk of loss

24  petitioner assumed in undertaking the representation, the slightly

25  higher hourly rate represented by the $17,179 contractual fee is

26  reasonable for the services rendered and the result obtained.

27

28

            [1] (130.33 – 118.59)/118.59 = 0.09899, or about 9.9%

The motion for attorney fees is GRANTED.  Petitioner shall collect $10,678.13 in accordance with 42 USC § 406(b)(1)(A).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

United States District Court

For the Northern District of California

4